IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        Plaintiff,

    v.

JOHN SCHULER, JR.,

                        Defendant.

ORDER

93-cr-105-jcs

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On May 1, 2009 I denied defendant John Schuler, Jr.'s motion pursuant to 18 U.S.C. § 3582, seeking a modification of the sentence imposed upon him on January 21, 1994, by Judge John C. Shabaz. I understood him to be seeking a reduction under § 3582 and Amendment 706. Because he was not sentenced for possession or distribution of crack cocaine, I denied his motion for sentence reduction.

       On May 11, 2009, defendant informed me that I committed an error of fact in denying his motion because he was seeking a reduction under § 3582 and Amendment 709. A review of defendant's motion supports his contention that I did not address the right amendment to the sentencing guidelines. Therefore, I will grant defendant's motion for reconsideration and address his argument that he is eligible for a reduction under

1

Amendment 709, which makes certain changes in U.S.S.G. § 4A1.2(c)(1) and (2) (the guideline governing the calculation of criminal history points for offenses that are consolidated for sentencing).

The new version of § 4A1.2(c)(1) and (2) changes what misdemeanor and petty offense are counted in computing a defendant's criminal history score. Defendant wants this change applied to his sentence to reduce his criminal history score and with it, his guideline range.

Unfortunately for defendant, the Sentencing Commission did not make the change in § 4A1.2(c)(1) and (2) retroactive. This means that it does not apply to sentences that became final before the amendment was promulgated. Defendant was sentenced on January 21, 1994. Section 4A1.2(c)(1) and (2) did not take effect until November 1, 2007, well after defendant's sentence had become final. Therefore, defendant is not entitled to a sentence reduction.

ORDER

IT IS ORDERED that defendant John Schuler, Jr.'s motion for reconsideration is GRANTED, but the denial of his motion for a sentence reduction under 18 U.S.C. § 3582

is AFFIRMED because Amendment 709 is not retroactive.

Entered this 12th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3